NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2983
_____

HEALTHCARE SERVICES GROUP, INC.

v.

TIMOTHY FAY; RICHARD KONOPKA;
THE SENOVA GROUP

Timothy Fay;
Richard Konopka,
                        Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cv-00066)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2015

Before:  McKEE, *Chief Judge*, HARDIMAN and SCIRICA, *Circuit Judges*.

(Filed: January 22, 2015)

_____

OPINION*
_____

_____

    *This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Timothy Fay and Richard Konopka appeal the District Court's preliminary injunction against them. We will affirm.

I

Fay and Konopka are former employees of Healthcare Services Group, Inc., a company that provides housekeeping, laundry, and dietary services to health care institutions. While employed by Healthcare, they were granted company stock options in exchange for signing several restrictive covenants prohibiting them from competing with Healthcare or soliciting its current or former clients for set time periods after their employment.

In 2012, Fay and Konopka left Healthcare to work for Senova Group, a company that competes with Healthcare. Although they assured Healthcare that they would not act against its interests while employed by Senova, they each accompanied Senova representatives to sales meetings with prospective clients, at least one of which was a client of Healthcare. Healthcare sued Fay, Konopka, and Senova, alleging breach of contract and several business torts. Healthcare sought, and the District Court granted, a preliminary injunction that prevented Fay and Konopka from working for Senova or any other competitor of Healthcare. The District Court reformed the covenant—which had encompassed the continental United States—by enjoining the pair from such employment in New York and Connecticut only. Fay and Konopka appeal.

II

The District Court had diversity jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction over the appeal under 28 U.S.C. § 1292(a)(1).[1] "We review the district court's conclusions of law in a plenary fashion, its findings of fact under a clearly erroneous standard, and its decision to grant or deny an injunction for abuse of discretion." *Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer Pharm., Inc.*, 19 F.3d 125, 127 (3d Cir. 1994).

Fay and Konopka stipulated that their restrictive covenants were valid and that they breached them. Thus, the only questions at issue in the District Court were (1) whether irreparable harm existed to justify the issuance of the preliminary injunction; (2) whether the harm to Fay and Konopka caused by granting the injunction outweighed the harm that would be caused to Healthcare by denying it; and (3) whether the public interest favored granting the injunction. Fay and Konopka argue that the District Court erred in deciding each of those questions against them. We disagree.

Under Pennsylvania law, "the threat of the unbridled continuation of the violation

---

[1] Fay and Konopka make a jurisdictional argument that barely merits comment, claiming that the amount in controversy falls short of the requisite $75,000. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Here, the value of lost customers and lost goodwill attributable to Fay and Konopka's actions is difficult to measure but probably exceeds $75,000—in other words, it is far from a "legal certainty" that the equitable relief sought is worth less than the amount required for subject matter jurisdiction.

[of a restrictive covenant] and the resultant incalculable damage to the former employer's business" establishes irreparable harm. *John G. Bryant Co. v. Sling Testing & Repair, Inc.*, 369 A.2d 1164, 1167 (Pa. 1977). That is precisely what Healthcare faces here: two former employees who admittedly disregarded restrictive covenants and, in the absence of the equitable relief, might continue to do so. Moreover, the violations that occurred in this case—where Fay and Konopka not only worked for a competitor but also interfered with Healthcare's customer relationships by attending the sales meetings—are particularly worthy of a preliminary injunction and indeed may be "quintessential irreparable injuries" because they implicate indeterminate future losses of clients and revenue. *Nordetek Envtl., Inc. v. RDP Techs., Inc.*, 677 F. Supp. 2d 825, 843 (E.D. Pa. 2010) (citing *W. Penn Specialty MSO, Inc. v. Nolan*, 737 A.2d 295, 299 (Pa. Super. Ct. 1999)). And Fay and Konopka's contention that the District Court should have enjoined them only from soliciting clients rather than from working for Senova altogether rings hollow because they have already violated the anti-solicitation covenants. As the District Court recognized, the pair "had already promised Healthcare upon leaving that they would not solicit customers but did so anyway . . . . We do not see how it would be any different now if we merely enjoined them from soliciting customers." *Healthcare Servs. Grp., Inc. v. Fay*, 2013 WL 2245683, at *8 (E.D. Pa. May 22, 2013).

Nor did the District Court err in its analysis of the other two prongs of its preliminary injunction analysis. By curtailing the equitable relief to prohibit Fay and

4

Konopka from working for Senova or other Healthcare competitors only in Connecticut and New York (the states in which Fay and Konopka have relevant contacts with Healthcare clients), the District Court ensured that the balance of hardships favored granting the preliminary injunction. Fay and Konopka still have many employment opportunities: they can work for Healthcare's competitors in states outside New York and Connecticut or they can work in New York or Connecticut for companies that do not compete with Healthcare. And the public interest certainly favors enforcing an agreement into which Fay and Konopka entered freely and the continued violation of which will cause Healthcare an unfair loss of business.

## III

For the reasons stated, we will affirm the order of the District Court.